JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs and oral arguments of counsel. Defendant Darrell Houston is currently serving an aggregate sentence of life without parole on charges of aggravated murder with a gun specification, aggravated robbery and having a weapon while under disability.[1] Having filed direct and postconviction appeals, Houston sought leave to file a delayed motion for a new trial on grounds of newly discovered evidence. He argued that the state's eyewitness to the crime had recanted his trial testimony because of threats made to him by the real culprit. The court denied leave to file a delayed motion for a new trial.
 {¶ 2} The court did not abuse its discretion under Crim.R. 33(B) by denying leave to file a motion for a new trial because Houston offered no new evidence. The eyewitness had recanted his identification of Houston at trial, and Houston made this fact the subject of a petition for postconviction relief he filed in 1998. The only "new" aspect to the motion for leave is a statement by the eyewitness concerning his motivation for allegedly misidentifying Houston. The eyewitness' motivation for recanting is irrelevant — the evidence was the recantation, and the recantation was not new.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Diane Karpinski, J., concur.
[1] Because this appeal has been assigned to the accelerated calendar, a complete statement of the facts is beyond its scope. The interested reader may refer to our opinion in State v.Houston (Jan. 13, 1994), Cuyahoga App. No. 64574, for more information.